By the Court.—Monell, J.
I think the verdict in this case can be sustained upon either of the grounds taken below.
*188 The effect of turning from the track in the manner described, was to arrest the motion of the wagon in the direction the car was going, and bring it in collision with the car, without giving the driver of the latter any time or opportunity to arrest the progress of the car.
It is evident that the collision occurred by the manner in which the plaintiff turned away from the track, and that it would not have occurred if the usual and safer mode of turning off at a somewhat acute angle had been adopted.
But again: there was no negligence imputable to the defendants. The plaintiff was upon their track, obstructing the progress of their car. He was spoken to get off the track, and when he turned, it was in an unusual manner to turn, when a car was so close upon him. The driver of the car could not have supposed that the plaintiff would turn thus squarely off the track, and as he did so. turn, there was not time to stop the car.
Therefore, there was not shown any negligence of defendants.
The defendants’ counsel, on the argument of the exceptions, urged us to adopt a view of the law in support of the verdict, which he claimed was sustained by the decision of the court in Willard v. Eighth-avenue R. R. Co. (3 Bosw. 314).
There is a dictum, in that case which goes nearly "to the extent, that city railroad corporations have an exclusive right to so much or the public streets as are occupied by their tracks. It does go to the extent that they have a peculiar right to the highway.
There was no such question properly in that case, and the remark of the learned judge, that the “company is entitled to the unrestricted use of its rails, for the progress of its cars,” was unnecessary to a decision of the case.
The doctrine enunciated in that remark of the *189 learned judge, has since been repudiated by this court on every occasion when it has been presented.
The co-equal right of a foot passenger with a railroad corporation, to the use of the public highway, and the only recognized right of the latter to use the highway at all, is fully discussed and determined in the case of Baxter v. Second-avenue R. R. Co. (3 Robt. 511), and in the later case of Barker v. Savage (1 Sweeny, 288) ; and see, also, Belton v. Baxter, just decided.
The case before us does not need any aid from the cases referred to, nor to adopt the dictum in Willard v. Eighth-avenue R. R. Co., and I have alluded to that case merely because it has been, in effect, overruled by the subsequent decisions of this court.
The exceptions must be overruled, and judgment ordered for the defendants, upon the verdict.